UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT LOWMAN, JR.,

    Plaintiff,

  v.                                        17-CV-559
                                               DECISION AND ORDER
NVI LLC,

    Defendant.

---

      The *pro se* plaintiff, Robert Lowman, Jr., has filed a complaint asserting that the defendant, NVI LLC, violated the Privacy Act and discriminated against him because of his religious beliefs, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, when the company refused to hire him unless he provided a social security number (SSN). Docket Item 1. Lowman refuses to use a SSN because he claims it represents the "Mark of the Beast" as described in the Bible's Book of Revelation. *Id*. at 5; *see also id*. at 26. He also believes that "we are not to be numbered, as exemplified in 1 Chronicles 21:1-7." *Id*. at 26.

      On September 17, 2017, the defendant moved to dismiss. Docket Item 2. On July 31, 2017, Lowman responded, Docket Item 10; and on August 7, 2017, the defendant replied, Docket Item 11. Afterward, Lowman submitted additional papers in opposition to the defendant's motion to dismiss. Docket Items 12, 13. For the reasons that follow, the defendant's motion is granted.

**DISCUSSION**

Lowman makes three claims that the defendant violated his rights when it conditioned his employment on disclosure of a SSN. First, he argues that the defendant violated the Privacy Act, 5 U.S.C. § 552, § 552a (note). Docket Item 1 at 6-7. Second, he argues that the defendant improperly denied him "employment because [he] exercised his rights not to voluntarily participate in the Social Security program." *Id*. at 7. Third, he argues that the defendant's refusal to accommodate his religious beliefs violated Title VII of the Civil Rights Act of 1964. *Id*. at 7.

**I.     PRIVACY ACT CLAIM**

The Privacy Act provides that "[i]t shall be unlawful for any Federal, State, or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number." Federal Privacy Act, § 7(a), Pub. L. No. 93-579, 88 Stat. 1896, 1909 (contained as amended in 5 U.S.C. § 552a (note)).[1, 2]

NVI LLC is not a federal, state, or local government agency. Therefore, the Privacy Act does not apply here. *See Sutton v. Providence St. Joseph Med. Ctr*, 192 F.3d 826, 844 (9th Cir. 1999).

---

[1] "Although not codified in the United States Code, Section 7 is contained in the 'Historical and Statutory' note to 5 U.S.C. § 552a. Therefore, it is considered a 'Statute at Large,' 88 Stat. 1896, 2194, and is the law of the United States." *Greidinger v. Almand*, 30 F. Supp. 3d 413, 416 n.3 (D. Md. 2014).

[2] The Privacy Act also says that the requirements of § 7(a) "shall not apply with respect to . . . any disclosure which is required by Federal statute."

## II. DENIAL OF RIGHT NOT TO PARTICIPATE IN THE SOCIAL SECURITY PROGRAM

Lowman claims that

> [p]articipation in Social Security is voluntary and [he] has a right not to voluntarily participate; [the defendant] denied [him] employment because [he] exercised his rights to not voluntarily participate in the Social Security program contrary to and in violation of [his] rights and clearly established law.

Docket Item 1 at 7. Even if Lowman is correct in asserting that "participation in Social Security is voluntary," he has not addressed how NVI LLC has deprived him of that right. NVI LLC conditioned his employment on having a SSN, but nobody is forcing Lowman to work at NVI LLC. And Lowman cites no "clearly established law" that prohibits employers from denying employment to persons who voluntarily choose not to take part in social security. In fact, as discussed below, federal law requires employers to report employee SSNs as part of tax and immigration law.

## III. TITLE VII CLAIM

Lowman claims that the defendant discriminated against him because of his religious beliefs by "denying [him] employment because of [his] Christian religion," and he claims that this violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Docket Item 1 at 7. But for the reasons stated by the Eighth Circuit in *Seaworth v. Pearson*, 203 F.3d 1056, 1057-58 (8th Cir. 2000), employers may—in fact, they must—condition employment on a requirement that the potential employee provide a SSN notwithstanding that person's religious beliefs. *See also Cassano v. Carb*, 436 F.3d 74, 75 (2d Cir. 2006) ("federal law requires that employers gather and report the SSNs of their employees to aid enforcement of tax and immigration laws"); *Yisrael v. Per Scholas, Inc.*, 2004 WL 744485, at *1 (S.D.N.Y. Apr. 7, 2004) ("an employee is not able

3

to establish a prima facie case of religious discrimination based on an employer's insistence that an employee provide a SSN for tax withholding purposes").

## **CONCLUSION**

For the foregoing reasons, Lowman has failed to state a claim upon which relief can be granted. The defendant's motion to dismiss, Docket Item 2, therefore is granted. The Clerk of Court shall close the file.

SO ORDERED.

Dated:	September 3, 2019
	Buffalo, New York

			 *s/ Lawrence J. Vilardo*
			LAWRENCE J. VILARDO
			UNITED STATES DISTRICT JUDGE